JOSÉ MARIANO BOYER, Plaintiff and Appellee, v. MUNICIPAL ASSEMBLY OF GUAYAMA, Defendant and Appellant.

No. 3249. Argued May 21, 1924.—Decided March 6, 1925.

1. MUNICIPALITIES—PLEADING— ANSWER — DENIAL. — When one paragraph of a pleading contains more than one allegation of fact each allegation must be denied separately and a denial of the entire paragraph is not sufficient.

2. ID.—MUNICIPAL ORDINANCE—CONSTITUTIONAL LAW.—Any citizen has sufficient right and interest to question the constitutionality of a municipal ordinance which interferes with competition in the sale of fresh meat.

3. ID.—ID.—ID.—A municipal ordinance which interferes with free competition in the sale of fresh meat is unconstitutional.

4. ID.—ID.—POLICE POWERS.—In normal times the Legislature has no power to regulate the price of an article of commerce and a municipality can not acquire such right by delegation.

District Court of Guayama, Gabriel Castejón, J. Judgment for the plaintiff declaring null and void ordinances passed by the Municipal Assembly of Guayama regulating the price of fresh meat. *Affirmed.*

*Bolívar Pagán* for the appellant. *Manuel A. Martínez Dávila* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Following the judgment and opinion of this court in the case of *People* v. *Correa,* 31 P.R.R. 504, the District Court of Guayama declared void and unconstitutional an ordinance of the city of Guayama which attempted to prevent the free exercise of the trade of butcher, seeking unduly, as alleged, to control the killing and sale of fresh meats.

In the *Correa Case* the question was raised by an appeal from a judgment of conviction. Here the appellee filed a petition under oath of certiorari by virtue of section 65 of the Municipal Law (Act No. 85 of 1919). The appellant maintains that the District Court of Guayama committed error in holding that the appellee was a party prejudiced by the ordinance or that he had the necessary capacity for filing the writ. It was set up that the petitioner was an adult and that for more than three years he had been killing cattle for the sale of fresh meat in Guayama. An answer filed by the appellant denied this paragraph generally.

As the petition was verified in this case and the defendant filed an answer, the latter, if properly filed, should have contained a denial of each allegation. Instead thereof, the answer said as follows: "1.—He denies the first paragraph

(*hecho*) of the petition. 2.—He admits the second paragraph (*hecho*) of the petition.  3.—He denies the third paragraph (*hecho*) of the petition," etc.

[1] The first paragraph of the petition set out three facts or allegations, namely, that the petitioner was an adult; that he was a citizen of Guayama, and that for more than three years he had been killing cattle for the sale of fresh meats.  None of these three facts or allegations was specifically denied as required by the practice in such matter.  According to section 110 of the Code of Civil Procedure, it is each "allegation" that must be specifically denied and not a whole paragraph denied in bulk.  Hence the answer leaves the petition in force.

[2] The principal contention of the appellee is that any citizen may attack an unconstitutional ordinance.  Without acceding to this proposition in its generality we think that a citizen has a right and a sufficient interest to attack an ordinance which interferes with the competition and sale of fresh meat.  The appellant cites no authority and the authorities of appellee are a little too general, like Dillon on Municipal Corporation, *passim*.  Counsel should be more specific.

We hold that the averments of the first paragraph were sufficient, if it was necessary for appellee to show that his right to exercise the trade was violated.  Appellant complained that the petition did now show a present exercise. The petitioner alleged that he had been exercising the trade of slaughtering cattle for more than three years and there is a presumption of fact, if necessary, that he was not actually exercising his trade at the moment of the petition, because he was prevented by the ordinance.  These considerations dispose of the first four assignments of error.

[3] The remaining two assignments of error are largely covered by our decision in the *Correa Case, supra*.  That decision plainly declared that Act No. 52 of 1917 was un-

constitutional and void and not merely a paragraph thereof. The appellant also seeks to distinguish that case by saying that the ordinance of the city of Guayama sought to establish no monopoly. The ordinance required a sort of competition by which only those could sell who made a sufficiently low bid. This was a clear interference with the right of the free exercise of the trade and its tendency was to destroy competition.

[4] The appellant seeks to justify generally the right of a municipality to regulate the sale of beef under its general police power. Unquestionably, the Legislature may delegate to the municipality all the police powers that it possesses, but in ordinary times the Legislature of Porto Rico has not the right to regulate the price of an article. Only in cases of extraordinary emergency may a congress or a legislature interfere with the ordinary trade competition, and the exceptions are pointed out pretty clearly in the case of *Block* v. *Hirsh*, 256 U. S. 135. The police powers ought not to be extended to fix the price of an article.

The judgment must be affirmed.

Mr. Justice Franco Soto concurred in the judgment.